UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

No. 19-cv-5112 (ARR) (RER)

---

J&J SPORTS PRODUCTIONS, INC.,

Plaintiff,

-against-

TRUNG DANG, INDIVIDUALLY AND D/B/A EL TEQUILERO BAR I; AND EL TEQUILERO BAR & RESTAURANT, INC., AN UNKNOWN BUSINESS ENTITY D/B/A EL TEQUILERO BAR I,

Defendants.

---

**Report & Recommendation**

October 13, 2020

---

**TO THE HONORABLE ALLYNE R. ROSS,
UNITED STATES SENIOR DISTRICT JUDGE**

**Ramon E. Reyes, Jr., U.S.M.J.:**

Your Honor has referred to me a motion for default judgment in this action for pirating of the September 17, 2016 broadcast of the boxing match between Saul Alvarez and Liam Smith and all undercard bouts (the "Event") in violation of 47 U.S.C. § 553 and § 605 (the "FCA"). (Order dated 01/14/2020; *see also* Dkt. No. 1 ("Compl.") ¶¶ 1, 18-28; Dkt. No. 10 ("Default Mot.")). Plaintiff J&J Sports Productions, Inc. ("J&J" or "Plaintiff") seeks $21,600 in statutory and enhanced damages, plus "pre- and post-judgment interest at the federal statutory rate," and attorney's fees and costs against defendants Trung Dang ("Dang") and El Tequilero Bar & Restaurant, Inc. ("El Tequilero") (collectively, "Defendants") pursuant to 47 U.S.C. § 605.[1] (Default Mot. at ¶¶ 5-6). For the following reasons, I respectfully recommend that Plaintiff's motion be granted in part, and default judgment be entered against the El Tequilero in the amount of $3,600, plus reasonable attorney's fees and costs to be determined at a later date.

---

[1] Although this action was brought pursuant to 47 U.S.C. § 553 and § 605, Plaintiff seeks damages only pursuant to § 605.

1

**DISCUSSION**

For the sake of brevity, and given Your Honor's thorough familiarity with the applicable law,[2] I will dispense with a protracted discussion of the law and facts, except as necessary to explain my recommendation. Suffice it to say that I have carefully reviewed the complaint, the record, and Plaintiff's motion for default judgment, and find that default judgment is in order.

Plaintiff has satisfied the requirements of Rule 55 of the Federal Rules of Civil Procedure and Local Civil Rule 55.2(c).[3] Given the entry of default, all well-pleaded allegations are accepted as true, except as to damages. *E.g., Greyhound Exhibitgroup v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

The Complaint alleges that broadcast of the Event "originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal," thereby establishing that the interception, receipt, and transmission of the Event derived from satellite communications. (Compl. ¶ 24). Plaintiff further established that it had an exclusive license to distribute the closed-circuit telecast of the Event in New York (*id.* ¶ 19), and that Defendants did not pay a licensing fee to Plaintiff to broadcast the Event (*id.* ¶ 28). Furthermore, Defendants established through the personal observations of investigator Stephanie Osgood that the Event was exhibited in El Tequilero on four televisions to between forty-seven and fifty-one patrons. (See Default Mot. at Exhibit 5 (Affidavit of Stephanie Osgood ("Osgood Aff."); Compl. ¶ 26). Because the Court must draw all reasonable inferences in Plaintiff's favor, I conclude that El Tequilero exhibited the Event without a license, and therefore liability is established under § 605. *See* 47 U.S.C. § 605(a) ("[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the ... contents ... of such intercepted communication to any person,").

At this point, the only questions are against whom and in what amount a default judgment should be entered.

I. Against Whom Should Default Judgment be Entered?

A. El Tequilero

As the establishment in which the Event was unlawfully exhibited, there is no question that El Tequilero is liable to J&J for any resulting damages. *E.g., J&J Sports Prods., Inc. v. J & O LLC*, No. 17-CV-4180 (ARR) (ST), 2018 WL 4522098, *4 (E.D.N.Y. July 25, 2018) (report and recommendation) (citing *J&J Sports Productions, Inc. v. LX Food Grocery Inc.*, No. 15-CV-6505 (NGG) (PK), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016)), *R&R adopted by*, 2018 WL 3991493 (E.D.N.Y. Aug. 21, 2018). Accordingly, a

---

[2] *E.g., J&J Sports Prods., Inc. v. Abdelraouf*, No. 18-CV-2547 (ARR) (VMS), 2019 WL 457719 (E.D.N.Y. Feb. 5, 2019); *J&J Sports Prods., Inc. v. J & O LLC*, No. 17-CV-4180 (ARR) (ST), 2018 WL 3991493 (E.D.N.Y. Aug. 21, 2018); *J&J Sports Prods., Inc. v. Afrikan Poetry Theatre Inc.*, No. 17-CV-2196 (ARR)(CLP), 2018 WL 1725692 (E.D.N.Y. Apr. 10, 2018); *Kingvision Pay-Per-View, Ltd. v. Lugo*, No. 06-CV-2512 (ARR) (RER), 2006 WL 3422660 (E.D.N.Y. Nov. 28, 2006).

[3] Plaintiff has satisfied Rule 55's two-step procedure for obtaining a default judgment: 1) entry of default by the Clerk of the Court, and 2) filing a motion for default judgment. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011); Dkt. Nos. 9 and 10. Plaintiff has satisfied Local Civil Rule 55.2 (c) by mailing a copy of the motion and supporting documents to Defendants at their last know addresses. *See* Local Civil Rule 55.2 (c).

2

default judgment should be entered against El Tequilero.

### B. Dang

J&J alleges that Dang is individually liable for violating § 605. (Compl. ¶¶ 9-17). As Your Honor is aware, an individual may be vicariously or contributorily liable for such violations. *E.g.*, *J&J Sports Prods., Inc. v. Abdelraouf*, No. 18-CV-2547 (ARR) (VMS), 2019 WL 457719 (E.D.N.Y. Feb. 5, 2019); *J & O LLC*, 2018 WL 3991493 at *8. Although not addressed in its motion for default judgment, the Complaint suggests J&J seeks to hold Dang liable on theories of both vicarious and contributory liability.

To establish vicarious liability under § 605, a plaintiff must demonstrate that the individual had a "right and ability to supervise the infringing activities and had an obvious and direct financial interest in the exploitation of the copyrighted materials." *J&J Sports Prods., Inc. v. Shaw*, No. 19-CV-2383 (AMD) (ST), 2020 WL 1034361, at *3 (E.D.N.Y. Feb. 12, 2020) (*citing J&J Sports Prods., Inc. v. Three My Corp.*, No. 17-CV-3383 (NGG) (JO), 2018 WL 4522097, at *2 (Sept. 5, 2018) (citation and brackets omitted), *R&R adopted by*, 2018 WL 4561460 (E.D.N.Y. Sept. 24, 2018); *see also Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 113 (E.D.N.Y. 2011) (*citing J&J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469 (E.D.N.Y. 2009).

To establish contributory liability for a § 605 violation, a plaintiff must "demonstrate that [the individual defendant] *authorized* the violations set forth in the Complaint*." J&J Sports Prods., Inc. v. Mangos Steakhouse & Bakery, Inc.*, No. 13 CV 5068 (RJD)(CLP), 2014 WL 2879868, at *5 (E.D.N.Y. May 7, 2014) (emphasis added) (*citing Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-64 (FB)(KAM), 2005 WL 2476264, at *10 (E.D.N.Y. Oct. 7, 2005), *R&R adopted by*, 2014 WL 2879890 (E.D.N.Y. June 24, 2014).

J&J alleges that: (1) Dang was El Tequliero's "President and Principal" (Compl. ¶¶ 9-10);[4] (2) Dang was the "sole individual identified on the On Premises Liquor License . . . issued to El Tequilero" (*id.* ¶ 11); and *upon information and belief*, (3) Dang "had the right and ability" and "obligation to supervise the activities of El Tequilero" (*id.* ¶¶ 12-13); (4) Dang "specifically directed the employees of El Tequilero [] to unlawfully intercept, receive and broadcast" the Event and was a "moving and active conscious force behind the operation, advertising and promotion of El Tequilero" (*id.* ¶¶ 14, 17); (5) Dang "had an obvious and direct financial interest in the activities of El Tequilero" (*id.* ¶ 15); and, (6) the unlawful exhibition of the Event "resulted in increased profits or financial benefits to El Tequilero" (*id.* ¶ 16 (emphasis added)).

Here, Plaintiff merely recites the elements of vicarious and contributory liability in rote, boilerplate format. (Compl. ¶¶ 9-17). Such a formulaic recitation of the elements of a cause of action does not establish a prima facie case for vicarious or contributory liability at the default judgment stage. *E.g., LX Food Grocery Inc.*, 2016 WL 6905946, at *3 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *J&J Sports Prods., Inc. v. El Ojo Aqua Corp.,* No. 13-CV-6173 (ENV)(JO), 2014 WL 4700014, at

---

[4] Plaintiff does not indicate where Dang was identified as El Tequilero's "President." (Complaint at ¶ 9). Dang does appear on the New York State Liquor Authority's website as El Tequilero's "Principal." See https://www.tran.sla.ny.gov/servlet/ApplicationServlet?pageName=com.ibm.nysla.data.publicquery.PublicQuerySuccessfulResultsPage&validated=true&serialNumber=1226414&licenseType=OP

3

\*4 (E.D.N.Y. Aug. 14, 2014) (parroting language from case law does not amount to a well-pleaded allegation upon a defendant's default), *R&R adopted by*, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014).

J&J provides no further allegations, let alone evidence to support Dang's vicarious liability. Dang's status as "President and Principal" alone is insufficient for the Court to infer his authorization, supervision, or knowledge of the violations. *E.g., J&J Sports Productions, Inc., v. Emily Bar Restaurant Inc.*, No. 15-CV-6499 (RJD) (SMG), 2016 WL 6495366, at \*2 (E.D.N.Y. Sept. 27, 2016), *R&R adopted by*, 2016 WL 6495526 (E.D.N.Y. Nov. 2, 2016) ("Officers and directors of a corporation … are generally not liable for the tortious acts of the corporation unless they participate in or have knowledge of such acts.") (internal quotations omitted); *J&J Sports Prods., Inc. v. Espinal*, No. 19-CV-5180(PKC)(RER), 2020 WL 2747981, at \*3 (E.D.N.Y. May 26, 2020) ("A plaintiff fails to meet his or her burden of establishing vicarious liability by merely restating the legal standard without more factual information.").

Plaintiff's allegations are also insufficient to establish Dang's direct financial interest in broadcasting the Event. The only factual support provided for this claim is the contention in the investigator's report that between forty-seven and fifty-one patrons were in El Teguilero while the Event was being unlawfully broadcast. (*See* Osgood Aff. at 2). Notably, Plaintiff does not "differentiate between patrons there to watch the event from patrons who would be there on a regular night." *J&J Sports Prods., Inc. v. Classico Bar, Inc.*, No. 16 CV 5639, 2018 WL 1168582, at \*4 (E.D.N.Y. Mar. 6, 2018). J&J also does not allege that there was any advertising of the Event to attract customers to El Taquilero or that a premium was placed on food and drink because of the airing of the Event. Indeed, Plaintiff admits there was no cover charge involved. (*Id.* at 1 ("I paid a cover charge of $ZERO to enter this establishment")). In similar cases where courts have inferred direct financial interest and individual defendants have been held liable, the plaintiffs alleged that the individual defendants charged a fee to enter, charged a premium on food and drink, or made some showing of substantial or increased patronage due to the airing of the protected material. *Compare J&J Sports Prods. v. McAdam*, No. 14-CV-5461 (PKC) (CLP), 2015 WL 8483362, at \*3 (E.D.N.Y. Dec. 9, 2015) (finding financial interest where establishment was at or over capacity with approximately 100 patrons and $20.00 cover fee charged); *J&J Sports Prods., Inc. v. 1400 Forest Ave. Rest. Corp.*, No. 13-CV-4299(FB)(VMS), 2014 WL 4467774 (E.D.N.Y. Sept. 9, 2014) (financial interest where $8 cover charge and forty patrons present); *J&J Sports Prods., Inc. v. Tellez*, No. 11-CV-2823(SMG), 2011 WL 6371521 (E.D.N.Y. Dec. 20, 2011) (eighty-five patrons present), *with J&J Sports Prods., Inc. v. Brown*, No. 18-CV-2489 (RJD) (ST), 2019 WL 612225, at \*3 (Jan. 10, 2019) (no financial interest where establishment had maximum capacity of eighty-five but only fifty patrons in attendance and investigator reported no cover charge), *R&R adopted by*, 2019 WL 591544 (E.D.N.Y. Feb. 13, 2019); *J&J Sports Prods. v. La Parranda Mexicana Bar & Restaurante Co.*, No. 18-CV-2622 (NGG) (RML), 2018 WL 6985009, at \*4 (E.D.N.Y. Nov. 29, 2018) (finding no financial interest where establishment had capacity of seventy-five but only twenty-six patrons in attendance and investigator reported no cover charge), *R&R adopted by*, 2018 WL 6716095 (E.D.N.Y. Dec. 20, 2018); *J&J Sports Prods., Inc. v. Los Toritos Bar Rest. Inc.*, 15 CV 6517(SJ)(ST), 2017 WL 4838819 (E.D.N.Y. Sept. 11, 2017) (declining to impose vicarious liability

4

where 150 patrons were present), *R&R adopted by*, 2017 WL 4838758 (E.D.N.Y. Oct. 24, 2017). Here, Plaintiff makes no showing. Instead, Plaintiff merely restates the cause of action and makes conclusory statements that are insufficient for the Court to infer Dang's obvious and direct financial interest in showing the Event. (*See* Compl. ¶¶ 15-16). In this regard, J&J has failed to adequately allege that Dang is vicariously liable for the broadcast of the Event.

The same is true with respect to Dang's alleged contributory liability. Beyond mere legal conclusions J&J does not allege any *facts* to establish that Dang was involved in showing the Event at El Tequilero. (*Id.* at ¶¶ 14, 17). Without factual support*,* the Court cannot accept J&J's conclusory allegations that Dang "specifically directed the employees of El Tequilero" to broadcast the Event. (*Id.* ¶ 14). "Plaintiff's rote legal conclusions, which defendants 'are not held to have admitted through default,' are insufficient to establish liability of misconduct." *J&J Sports Prods., Inc. v. James*, No. 170-CV-5359 (NGG)(ST), 2018 WL 3850731, at *5 (E.D.N.Y. July 25, 2018) (*quoting DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007)), *R&R adopted by*, 2018 WL 3848921 (E.D.N.Y. Aug. 13, 2018) (dismissing claim of contributory liability where plaintiff failed to offer evidence that defendant authorized illegal broadcast); *Shaw*, 2020 WL 1034361, at *3 ("A plaintiff is required to set forth some specific evidence to demonstrate the individual defendants' supervision of the infringing broadcast and his or her direct financial interest.")

I have previously recommended that default judgments be denied when similar rote and conclusory legal conclusions of vicarious and contributory liability have been raised, and all of those recommendations have been adopted, some over the plaintiff's objections. *J&J Sports Prods., Inc. v. Gonzalez*, No. 18-CV-2319 (RRM) (RER), 2019 WL 3716197, at *6 (E.D.N.Y. May 9, 2019), *R&R adopted by*, 2019 WL 4888635 (E.D.N.Y. Sept. 30, 2019); *J&J Sports Prods., Inc. v. Salinas*, No. 17-cv-06820 (DLI)(RER), 2018 WL 8544511 (E.D.N.Y. Oct. 17, 2018), *R&R adopted by*, (Dkt. Entry dated Mar. 31, 2019); *Nest Rest. & Bar, Inc*., 2018 WL 4658800, at *2. Moreover, Your Honor has recently rejected similar allegations upon the recommendation of Magistrate Judge Tiscione, recognizing that plaintiff's allegations regarding the individual defendants' liability "contain nothing more than conclusory language that parrots the statutory requirements, and 'legal conclusion[s] couched as . . . factual allegation[s]' that [you were] 'not bound to accept as true.'" *J&O LLC*, 2018 WL 4522098, *4 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The same result should follow here.

Accordingly, I respectfully recommend that Your Honor deny the motion for default judgment against Dang.

II.  Damages

Plaintiff seeks an award of $5,400 in statutory damages, $16,200 in enhanced damages, and pre- and post-judgment interest, and costs. (Pl.'s Mem. at 5). For the reasons stated below, I respectfully recommend that Plaintiff be awarded statutory and enhanced damages of $3,600.

A.  Statutory Damages

The Court has the discretion to award statutory damages within the range of $1,000 to $10,000 for each violation. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II).

5

Courts utilize two methods to determine statutory damages for violations of § 605—a "flat fee" or a "per person" calculation. *E.g., J&J Sports Productions v. El Sonador Café Restaurant*, No. 17-CV-3357 (ILG) (JO), 2017 WL 6397731, at *4 (E.D.N.Y. Dec. 14, 2017); *Emily Bar Restaurant Inc.*, 2016 WL 6495366, at *2. The "flat-fee" method awards the plaintiff a fixed amount based on the fee that the defendant would have paid to legally broadcast the event at the defendant's establishment. *E.g., El Sonador Café*, 2017 WL 6397731, at *4. The "per person" method awards the plaintiff damages equal to the product of the number of patrons present at the establishment during the airing of the event multiplied by the fee each individual would have had to pay had they purchased the event for viewing at their own home. *See id*. Courts tend to award whichever of the two methods yields the higher amount. *E.g., J&O LLC*, 2018 WL 3991493 at *5; *J&J Sports Prods. Inc. v. Johnny's Rest.*, No. 15-CV-6645 (NG) (SLT), 2016 WL 8254906, at *5 (E.D.N.Y. Dec. 15, 2016), *R&R adopted sub nom. J&J Sports Prods., Inc. v. Johnny's Rest., Bar & Lounge, Inc.*, No. 15-CV-6645 (NG) (SLT), 2017 WL 591143 (E.D.N.Y. Feb. 14, 2017).

Here, Plaintiff does not provide the per person rate, and the Court is left to speculate thereon. Given the speculative nature of the per person calculation of statutory damages, I respectfully recommend that the Court award damages based on the flat-fee method.

To calculate flat-fee damages, Plaintiff alleges in the Complaint the amount that an establishment with a capacity of 100 would have paid to broadcast the Event as demonstrated in the "rate card." (Complaint at ¶28; Dkt. No. 10-2, Exh. 2). Accordingly, flat-fee damages based on the rate card for an establishment with a capacity of less than one hundred persons would be $1,800.00. (*Id.*).

Relying on several out-of-district cases, Plaintiff argues that the Court should not use either the flat-fee or per-person method for calculating statutory damages as those methods undervalue the Event, fail to adequately compensate Plaintiff and understate the seriousness of Defendants' conduct. (Default Mot. at 6-8). Instead, J&J argues that the Court should employ a multiplier of three times the flat-fee and award $5,400 in statutory damages. Plaintiff's argument is contrary to the weight of the case law in this District which pegs statutory damages to either the per person rate or flat-fee. Accordingly, I reject Plaintiffs' reliance on those cases and respectfully recommend that Plaintiff be awarded statutory damages of $1,800.

B.  Enhanced Damages

Under § 605(e)(3)(C)(ii), when the infringement "was committed willfully" the court may use its discretion to award enhanced damages "by an amount of not more than $100,000 for each violation." 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff requests an enhanced damage award of $16,200, an amount equal to three times the requested $5,400 in statutory damages. (Default Mot. at 5).

Many courts in this District have concluded that intercepting and broadcasting a televised event without permission constitutes willful conduct under § 605(e)(3)(C)(ii). *E.g., Emily Bar Rest.*, 2016 WL 6495366, at *3 ("The broadcast of an event without authorization is a deliberate act, and thus establishes willfulness."); *Traffic Sports USA v. La Camisa Negra Rest. & Bar Corp.*, No. 11-CV-1475 (ARR) (RLM), 2012 WL 3064129, at *5 (E.D.N.Y. May 23, 2012) (explaining that unauthorized broadcasting of an event in conjunction with

6

the operation of a commercial establishment establishes willful conduct), *R&R adopted by*, 2012 WL 3065523 (E.D.N.Y. July 27, 2012). Here, the evidence suggests that El Tequilero acted willfully by deliberately intercepting and televising the Event on four television screens for an audience of forty-seven to fifty-one customers. (*See* Osgood Aff. at 1).

To determine whether such willful conduct warrants an award of enhanced damages under § 605(e)(3)(C)(ii), courts in this District typically consider, among other things, whether "there is evidence of (i) repeated violations; (ii) significant actual damages suffered by the plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising of the event; and (v) defendant's collection of a cover charge or premiums for food and drinks." *J&J Sports Prods., Inc. v. Big Daddy's Theme Palace, Inc.*, No. 14-CV-2765 (JG) (JMA), 2015 WL 58606, *5 (E.D.N.Y. Jan. 5, 2015). Plaintiff has not established that any of these factors exist. "However, even in cases such as this one where none of these five factors militates in favor of awarding enhanced damages, courts in our Circuit have awarded 'enhanced damages as a deterrent to the problem of persistent signal piracy and to compensate Plaintiff for intangible losses such as business investment, business opportunities, reputation, and goodwill.'" *J&J Sports Prods. v. Brown*, No. 18-CV-2489 (RJD) (ST), 2019 WL 612225, at *5 (Jan. 10, 2019) (citing cases), *R&R adopted by*, 2019 WL 591544 (E.D.N.Y. Feb. 13, 2019). I find that merely awarding J&J the amount of the sublicensing fee as statutory damages would insufficiently deter future signal piracy and insufficiently compensate J&J for its intangible losses. I therefore respectfully recommend that J&J be awarded enhanced damages in the amount of $1,800, which is equal to the award of statutory damages, for a total award of $3,600. Such an award sufficiently remedies the actual damages suffered by Plaintiff, and provides a deterrent to future infringement in keeping with the purpose of the statute. *See Crazy Willy's Bar*, 2018 WL 3629595, at *7 (E.D.N.Y. July 31, 2018) (awarding enhanced damages equal to the statutory damages where there were no repeated violations, no cover charge, and no advertising); *Morleys Tavern Inc.*, 2014 WL 4065096, at *10 (awarding enhanced damages equal to the statutory damages); *J&J Sports Prods., Inc. v. LDG Williams, LLC*, No. 11-CV-2145 (KAM) (ALC), 2011 WL 5402031, at *5 (E.D.N.Y. Nov. 7, 2011) (doubling the statutory award to account for willfulness).

C. Pre-Judgment Interest

Without argument, J&J also requests prejudgment interest. "Section 605 does not expressly provide for interest." *Emily Bar Rest. Inc.*, 2016 WL 6495366, at *3. Most courts in this District have denied an award of prejudgment interest on the grounds that statutory damages are "analogous to punitive damages in that they are designed to deter others from similar infringing activity." *Id.* at *3-4; *J&J Sports Prods., Inc. v. Palm Tree Sports Bar, Inc.*, 2011 WL 1153584, at *5 (E.D.N.Y. Mar. 8, 2011); *La Ruleta*, 2012 WL 3764062, at *5; *Hot Shots, Inc.*, 2010 WL 3522809, at *2) (declining to award prejudgment interest in light of the enhanced damages award for willfulness). I therefore respectfully recommend that Plaintiff's application for prejudgment interest be denied.

D. Attorney's Fees and Costs

Section 605 allows the Court to award recovery of costs, including attorney's fees, to the prevailing party. *See* 47 U.S.C. §

7

605(e)(3)(B)(iii). Here, Plaintiff requests leave to submit an application for attorney's fees and costs "30 days from entry of judgment." (Default Mot. at ¶7). Although this is not efficient, and there is no reason why J&J could not have submitted a properly supported attorney's fees application along with its Default Motion, it should be permitted to do so within 30 days. Said application should be submitted prior to entry of the default judgment, however, as the default judgment itself should include whatever amounts are awarded for attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiff's motion for default judgment be granted in part and denied in part and a judgment be entered in Plaintiff's favor against the El Tequilero for $3,600.00, plus reasonable attorney's fees and costs to be determined at a later date. Plaintiff should be given thirty days to submit a properly supported application for fees and costs. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Allyne R. Ross within fourteen days. Failure to file timely objections may waive the right to appeal the District Court's final order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**RESPECTFULLY RECOMMENDED**

**/s/   Ramon E. Reyes, Jr.**
RAMON E. REYES, JR.
United States Magistrate Judge