UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

No. 19-CV-5112 (ARR) (RER)

J & J Sports Productions, Inc.,

Plaintiff,

versus

Trung Dang, individually and d/b/a El Tequilero Bar I; and El Tequilero Bar & Restaurant, Inc., an unknown business entity d/b/a El Tequilero Bar I,

Defendants.

**Report & Recommendation**

June 9, 2021

**To the Honorable Allyne R. Ross,
Senior United States District Judge**

**Ramon E. Reyes, Jr., U.S.M.J.:**

As Your Honor will recall, this is an action for pirating the satellite broadcast of a September 17, 2016 boxing match in violation of 47 U.S.C. § 605. (Dkt. No. 1 ("Compl.") ¶¶ 1, 18–28; *see also* Order dated 01/14/2020).[1] Previously, upon my recommendation, Your Honor granted plaintiff J & J Sports Productions, Inc.'s ("J & J" or "Plaintiff") motion for default judgment against defendant El Tequilero Bar & Restaurant, Inc ("El Tequilero" or "Defendant").[2] (Dkt. No. 12). As Your Honor directed in that Order, J & J timely moved for an award of attorney's fees and costs. (Dkt. No. 14). Your Honor has referred that motion to me for a report and recommendation. (Dkt. Entry dated 6/7/2021). For the following reasons, I respectfully recommend that Plaintiff's motion be granted in part and that it be awarded $484.00 in costs.

---

[1] Although this action originally was brought pursuant to 47 U.S.C. § 553 and § 605, in its default motion Plaintiff sought damages pursuant to § 605 alone. (*Compare* Compl. ¶ 1, *with* Dkt. No. 10 ¶¶ 4–5).

[2] The motion for default judgment was denied as to the individual defendant Trung Dang ("Dang"). (Dkt. No. 12).

1

## DISCUSSION

For the sake of brevity, and given Your Honor's thorough familiarity with the facts of this case and the applicable law, I will dispense with a protracted discussion of each, except as necessary to explain my recommendation.

As a prevailing party under 47 U.S.C. § 605(a), J & J is entitled to "the recovery of full costs, including awarding reasonable attorneys' fees." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff seeks $1,830.00 in attorney's fees and $1,235.60 in costs. (Dkt. No. 14-1 ("Fee Mem.") at 4). The Court considers each request separately.

### A. Plaintiff has not submitted contemporaneous billing records, and therefore its request for attorney's fees must be denied

Well-established Second Circuit doctrine requires that an attorney's fee application be supported by "contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983). Here, although counsel has submitted an exhibit in support of Plaintiff's application which resembles contemporaneous time records, (*see* Dkt. No. 14-2, Ex. 1), he clarifies that that record was "reconstructed by way of a thorough review of the files themselves" as opposed to being contemporaneously recorded, (Dkt. 14-2 ("Decl. of Pl.'s Counsel") ¶ 6).

Courts in this District routinely decline to award attorney's fees where, as here, the plaintiff's counsel has failed to maintain and submit contemporaneous time records, and instead relies on "reconstructed" records. *See, e.g.*, *G & G Closed Cir. Events, LLC v. Vasquez*, No. 20-CV-2030 (RJD) (SMG), 2020 WL 8167387, at *4 (E.D.N.Y. Dec. 27, 2020), *adopted by* 2021 WL 135721 (Jan. 14, 2021); *J & J Sports Prods., Inc. v. James*, No. 17-CV-5359 (NGG) (ST), 2019 WL 2271843, at *1–2 (E.D.N.Y. Mar. 5, 2019), *adopted by* 2019 WL 1403112 (Mar. 28, 2019); *Joe Hand Promotions, Inc. v. Kings Point Rest., Inc.*, No. 17-CV-1870 (MKB) (CLP), 2017 WL 6611705, at *9–11 (E.D.N.Y. Nov. 3, 2017), *adopted by* 2017 WL 6611571 (Dec. 27, 2017); *Joe Hand Prods., Inc. v. Zafaranloo*, No. 12-CV-3828 (RRM) (RER), 2014 U.S. Dist. LEXIS 46006, at *13–15 (E.D.N.Y. Mar. 11, 2014), *adopted by* 2014 U.S. Dist. LEXIS 44968 (Apr. 1, 2014); *Joe Hand Promotions, Inc. v. Elmore,* No. 11-CV-3761 (KAM) (SMG), 2013 WL 2352855, at *11–12 (May 29, 2013); *Joe Hand Promotions, Inc. v. Soviero*, No. 11-CV-1215 (NGG) (CLP), 2012 WL 3779224, at *13 (E.D.N.Y. July 31, 2012), *adopted by* 2012 WL 3779221 (Aug. 30, 2012).

Relying on three Second Circuit cases and one case from the Eastern District of California, Plaintiff seeks to excuse its counsel's failure to keep contemporaneous time records suggesting there are some limited exceptions to the contemporaneous time records requirement. (Fee Mem. at 2–3).[3] As other courts in this District and elsewhere have already found, however, J & J's reliance on these cases is misplaced. *James*, 2019 WL 2271843, at *2–3 (rejecting

---

[3] Citing *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 114 (2d Cir. 2014); *Scott v. City of New York*, 643 F.3d 56 (2d Cir. 2011) [hereinafter *Scott II*]; *Scott v. City of New York*, 626 F.3d 130 (2d Cir. 2010) [hereinafter *Scott I*]; *Joe Hand Promotions, Inc. v. Albright*, No. Civ. 2:11–2260, 2013 WL 4094403 (E.D. Cal. Aug. 13, 2013).

2

reliance on *Scott I*, *Scott II*, and *Lopalo* to support fee application based on reconstructed records); *see also G&G Closed Cir. Events, LLC v. Llanos*, No. 20 Civ. 7388 (KMK), 2021 WL 1581079, at *1–2 (S.D.N.Y. Apr. 22, 2021) (rejecting reliance on *Scott I*, *Scott II*, *Lopalo*, and *Albright* to support fee application based on reconstructed records); *J & J Sports Prods., Inc. v. Silvestre*, No. 18 Civ. 3731 (PGG) (JLC), 2019 WL 179810, at *5–6 (S.D.N.Y. Jan. 14, 2019) (reaching the same conclusion), *adopted by* 2019 WL 3297080 (July 22, 2019). The limited exceptions in these cases do not apply here, and therefore *Scott I*, *Scott II*, *Lopalo*, and *Albright* are inapposite.

Accordingly, I respectfully recommend that Your Honor deny Plaintiff's request for attorney's fees.

### B. Plaintiff should recover some of its requested costs

As noted, a prevailing plaintiff in an action under Section 605 of the FCA is entitled to an award of "full costs." *See* 47 U.S.C. § 605(e)(3)(B)(iii); *see generally Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 66–68 (E.D.N.Y. 2006) (discussing the scope of "full costs" under the statute).

Plaintiff seeks $1,235.60 in litigation costs, including: (i) investigative costs ($650), (ii) fees for service of process ($185.60), and (iii) the filing fee for the complaint ($400). (Fee Mem. at 3–4; Decl. of Pl.'s Counsel, Ex. 1 at 4).

"[T]o recover investigative costs a plaintiff must make a showing similar to that required to recover attorneys' fees . . . . Thus, a plaintiff must document (1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate." *Autar*, 426 F. Supp. 2d at 67 (quotation marks, citation, and brackets omitted). Plaintiff has failed to satisfy any of these criteria, as the redacted invoice it provides merely indicates the name of the investigative service and the total charged to Plaintiff; the invoice does not indicate the time spent by, the rated charged by, or the qualifications of the investigative service. (Decl. of Pl.'s Counsel, Ex. 2). This is insufficient to sustain Plaintiff's burden to recover investigative costs. Neither is Plaintiff's counsel's bald "opinion that the fee for the auditor's investigation in this case is a reasonable fee." (Decl. of Pl.'s Counsel ¶ 9). Plaintiff should not be awarded investigative costs. *E.g., J & J Sports Prods., Inc. v. Lopez*, No. 05-CV-5799 (JG) (RER), 2006 WL 2355851, at *5 (E.D.N.Y. June 8, 2006) (recommending denial of investigative fees in § 605 case), *adopted by* 2006 WL 2375494 (Aug. 14, 2006); *Elmore*, 2013 WL 2352855, at *13 (denying investigative fees in § 605 case).

Plaintiff also should not recover the fee for service of process on defendant Dang ($101.60), (*see* Dkt. No. 14-2, Ex. 3 at 1), against whom Plaintiff was unable to secure a default judgment, (Dkt. No. 12). As J & J is not a prevailing party with respect to Dang, it should not recover any related costs.

The Court has reviewed the remaining costs ($400 filing fee and $84 service fee for El Tequilero) and finds them reasonable. (Dkt. No. 1 Entry dated 9/9/2019, noting "filing fee $ 400, receipt number ANYEDC-11828074"; Dkt. No. 14-2, Ex. 3 at 2).

The Court therefore respectfully recommends awarding Plaintiff all requested costs minus investigative fees and service fees for Dang, for a total award of $484.

3

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that Plaintiff's motion for attorney's fees and costs be granted to the extent of $484.00. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendant by regular and certified mail and to file proof of service on CM/ECF.

Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Allyne R. Ross within fourteen days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

**/s/   Ramon E. Reyes, Jr.**
RAMON E. REYES, JR.
United States Magistrate Judge